**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CR-20-00248-001-TUC-JCH (DTF) |
| Plaintiff, | **ORDER ON DEFENDANT'S ORAL MOTION IN LIMINE** |
| v. | |
| Brittany Alicia Fraijo - 001<br>Desiree Destiny Acedo Garcia - 003, | |
| Defendants. | |

Trial is set to begin June 6, 2022. On March 24, 2022, the Court held a Final Pretrial Conference. (*See* Doc. 140.) At that time, Defendant Fraijo ("Fraijo"), through counsel, raised an oral motion in limine ("Motion"). The Court heard argument on the Motion and took it under advisement. (*See* Doc. 171.) This is the Court's written order.

I.    **LEGAL STANDARD**

The Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, but the Ninth Circuit permits such motions in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). Generally, a motion for reconsideration requires a showing (1) of newly discovered evidence, (2) that the court committed clear error or the initial decision was manifestly unjust, (3) of an intervening change in controlling law, or (4) of other, highly unusual, circumstances warranting

1  reconsideration. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263

2  (9th Cir. 1993) (citation omitted); *see also* Local Rule 7.2.

## II.    ANALYSIS

At the Final Pretrial Conference, Fraijo's requested materials related to co-defendant Leon including: (1) paragraphs in Leon's presentence report related to her financial situation; (2) the name of the probation officer who conducted Leon's presentence interview; and (3) Leon's free talk letter. (*See* Hr'g Tr. at 3:1:12–5:1:25; 8:1:12–9:1:13, 32:1:22–33:1:8, *USA v. Fraijo et al.*, 4:20-cr-00248-TUC-JCH (March 23, 2022).)

In response the government clarified that there was no separate "safety valve talk" or "free talk," however, Leon submitted a "safety valve proffer" letter and such letter was disclosed on or about March 23, 2022. (*See* Hr'g Tr. at 22:1:17–23:1:22, *USA v. Fraijo et al.*, 4:20-cr-00248-TUC-JCH (March 23, 2022) ("… a free talk is something that a cooperating defendant with a lot of information gives. This is a safety valve proffer that is also relatively short. And then we recent[ly] did [disclose] pretrial.") As such, Defendant's request as to Leon's free talk letter is denied as moot.

The Court construes Fraijo's remaining requests as an oral motion for reconsideration of the Court's January 7, 2022 Order. (*See* Doc. 132.) There, Fraijo requested the disclosure of co-defendant Leon's presentence investigation report (also known as a "PSR") pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i). (Doc. 132 at 2.) The Court reviewed *in camera* Leon's PSR and determined that some information contained therein may be relevant and material to Fraijo's duress defense under the Ninth Circuit's broad application of Rule 16. (*See* Doc. 132 at 6–7.) In so doing, the Court ordered the government to disclose the paragraphs related to the offense information and acceptance of responsibility statement and to redact the remainder. [1] (*Id.*)

Citing Leon's sentencing memorandum, which Fraijo's defense counsel obtained on his own, Fraijo now argues that statements contained therein reference the PSR and

---

[1] The Court directed the government to disclose the following portions of Kimberly Leon's PSR: the offense information and acceptance of responsibility statement related to 4:20-cr-00248-JCH-2 located on pages 5-6, paragraphs 8 through 12; and on page 7 in paragraph 18. (*See* Doc. 132 at 7.)

support an inference that financial necessity motivated Leon in this case. (*See* Hr'g Tr. at 3:1:12–5:1:18, *USA v. Fraijo et al.*, 4:20-cr-00248-TUC-JCH (March 23, 2022).) Furthermore, Fraijo contends that Leon's PSR statements are "clearly exculpatory" and warrant disclosure. (*Id.*) In light of Fraijo's representations, the Court has once again reviewed Leon's PSR (Doc. 107).

The Court's January 7, 2022 Order directed the government to produce the portions of the PSR which stated that Fraijo acted out of financial difficulty. The portion of the PSR that Defendants seek now relates to the details of Fraijo's financial circumstances.  The government does not object to the release of the sections of the PSR pertaining to Fraijo's financial situation. Co-Defendant Fraijo's sentencing memorandum made public much of the more sensitive and detailed information about her finances. Accordingly, the Court sees no harm in granting the Motion and ordering the government to provide additional paragraphs from Leon's PSR that relate to her financial circumstances.

Defendants now have the financial information about Fraijo that the probation officer gathered and included in the PSR. Thus, there is no longer any basis for Defendants to seek the probation officer's identity and so that request will be denied.

...

## III.   ORDER

After *in camera* review of Leon's PSR, the Court determines that information contained therein may be relevant and material to Friajo's duress defense. The government is directed to disclose the following portions of Kimberly Leon's PSR in 4:20-cr-00248-JCH-DTF (Doc. 107): paragraphs 54 and 55 on page 11; paragraphs 65 and 66 on page 12; and paragraph 70 on page 13. The government **shall redact the remainder** of Leon's PSR before producing it.

Accordingly,

 **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** Defendants' Oral Motion in Limine. The Government shall make additional disclosures as set forth above. The Motion is denied with respect to (1) Leon's free talk letter; and (2) Defendants' request for the name of the probation officer who conducted Leon's presentence interview.

Dated this 4th day of April, 2022.

_____
Honorable John C. Hinderaker
United States District Judge